CYNTHIA HOLCOMB HALL, Circuit Judge,
concurring.
I also join the majority in reversing the district court’s grant of summary judgment as to Plaintiffs’ disparate treatment and hostile environment claims. I write separately simply to note my view that the material issue raised by Plaintiffs in the disparate treatment claim is their treatment relative to the other painting crew rather than the hiring of the subcontractors. All-Star’s proffered reason for replacing the Plaintiffs with subcontractors was simply to save money. Plaintiffs provided no evidence that this clearly legitimate non-discriminatory reason for replacing them as painters was pretextual. By contrast, All-Star provided essentially no evidence in support of its burden to articulate a legitimate nondiscriminatory reason for retaining the three non-Plaintiff painters as general laborers in preference to Plaintiffs. All Star was required, as part of the McDonnell Douglas framework, to “clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiffs’] rejection.” Burdine, 450 U.S. at 255, 101 S.Ct. 1089. In so doing, it was required to articulate a reason that was “clear and reasonably specific.” Id. at 258, 101 S.Ct. 1089. The bare statement by Mr. Peterson that he and Mr. King looked into the candidates’ work backgrounds when determining which to retain does not, in my view, satisfy this burden. Even assuming that it does, Plaintiffs’ evidence that they were in fact considered the better work crew is sufficient, in the face of this bare assertion, to raise a genuine issue of pretext.